IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARK GARDNER, LONNIE HOOD, and IVORY STREETER,<br><br>    Plaintiffs,<br><br>v.<br><br>KEISHA LANCE BOTTOMS, in her Individual Capacity, PAUL HOWARD, in his Individual Capacity, and ERIKA SHIELDS, in her Individual Capacity,<br><br>    Defendants. | CIVIL ACTION FILE<br>NO. 1:21-cv-02798-JPB |

**DEFENDANTS KEISHA LANCE BOTTOMS AND ERIKA SHIELDS'
RENEWED MOTION TO TAKE JUDICIAL NOTICE**

COME NOW, KEISHA LANCE BOTTOMS, in her Individual Capacity, and ERIKA SHIELDS, in her Individual Capacity, Defendants in the above-styled case, and move this Honorable Court under Federal Rules of Evidence Rule 201(c)(2) to take judicial notice of certain facts regarding the demonstrations in response to the killing of George Floyd in 2020 (specified below); Mayor Bottoms' Executive Orders 2020-92, 2020-94, and 2020-96; Governor Kemp's Executive Orders 05.29.20.01 and 05.30.20.01; and, Atlanta City Code Sec. 2-181.

IN SUPPORT of this motion, these Defendants state that they filed a Motion to Take Judicial Notice on September 10, 2021. (Doc. 22). However, Plaintiffs have since filed a First Amended Complaint. (Doc. 63). Therefore, out of an abundance of caution, these Defendants renew their Motion to Take Judicial Notice, requesting that this Court grant this Motion and take judicial notice of various undisputable facts and orders.

Additionally, in response to these Defendants' original Motion to Take Judicial Notice, Plaintiffs stated that, because there were "no glaring inaccuracies," they "do not oppose the Defendants' Motion to Take Judicial Notice." (Doc. 31, p. 2). This Renewed Motion to Take Judicial Notice and the original Motion to Take Judicial Notice are substantively the same.

1.

The subject facts are "generally known within the trial court's territorial jurisdiction" and the facts, executive orders, and city ordinances "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FRE 201(b). The court "must take judicial notice if a party requests it and the court is supplied with the necessary information." FRE 201(c)(2).

2.

These Defendants request that this Court take judicial notice of the facts contained in the Introduction and Facts sections of their Brief in Support of their

Motion to Dismiss Plaintiffs' First Amended Complaint. These facts relate to the demonstrations across the country and in the City of Atlanta in response to the killing of George Floyd on May 25, 2020. All of these facts are generally known within this Court's territorial jurisdiction. Furthermore, these facts are supported by citations to various articles in different publications, whose accuracy cannot be reasonably questioned.

Although the Motion to Dismiss Plaintiff's First Amended Complaint does not hinge on the admissibility or judicial notice of these facts, the facts illuminate the story and background behind Plaintiffs' claims and these Defendants' defenses. The circumstances surrounding this matter greatly impacted the entire nation and the Atlanta community in 2020. As is apparent from the citations, these events were consistently in the news and thus citizens within this Court's territorial jurisdiction were well-aware of these facts. Therefore, Defendants respectfully request that this Court take judicial notice of the aforementioned facts.

3.

Defendants also ask that this Court take judicial notice of Mayor Bottoms' Executive Orders 2020-92, 2020-94, and 2020-96. True and accurate copies of Executive Orders 2020-92 (Exhibit "A"), 2020-94 (Exhibit "B"), and 2020-96 (Exhibit "C") are attached to this Motion. These executive orders can easily be obtained from the City of Atlanta's City Council's website. They are stamp-filed by

3

the Municipal Clerk and created and maintained in the normal course of the City of Atlanta's business.

These executive orders were the moving force behind these Defendants' actions that give rise to Plaintiffs' claims. Plaintiffs' First Amended Complaint actually quotes and references Executive Order 2020-92. (Doc. 63, ¶¶ 17-19). However, Executive Order 2020-92 is not attached to Plaintiffs' First Amended Complaint. The language of the executive order provides background understanding to Defendants Keisha Lance Bottoms and Erika Shields' First Amended Motion to Dismiss. Therefore, these Defendants respectfully request that this Court take judicial notice of Executive Order 2020-92, 2020-94, and 2020-96.

4.

These Defendants also ask that this Court take judicial notice of Governor Kemp's Executive Orders 05.29.20.01 and 05.30.20.01. True and accurate copies of Executive Orders 05.29.20.01 (Exhibit "D") and 05.30.20.01 (Exhibit "E") are attached to this Motion. These executive orders can easily be obtained from the State of Georgia's website.

Again, Governor Kemp's executive orders are not essential for the granting of the Motion to Dismiss. However, these executive orders assist in the depiction of the chaotic environment that surrounded the events that gave rise to this lawsuit.

5.

Lastly, these Defendants ask that this Court take judicial notice of Atlanta City Code Sec. 2-181. A true and accurate copy of Atlanta City Code Sec. 2-181 (Exhibit "F") are attached to this Motion. This ordinance can easily be obtained from Municode. It was created and is maintained in the normal course of the City of Atlanta's business. This ordinance describes the emergency powers of these Defendants.

WHEREFORE, these Defendants respectfully request that this Honorable Court grant this Motion by taking judicial notice of the facts contained in the Introduction and Facts sections of their Brief in Support of Motion to Dismiss; Mayor Bottoms' Executive Orders 2020-92, 2020-94, and 2020-96; Governor Kemp's Executive Orders 05.29.20.01 and 05.30.20.01, and; Atlanta City Code Sec. 2-181.

Respectfully submitted this 17th day of August, 2022.

|  |  |
|---|---|
|  | **HALL BOOTH SMITH, P.C.** |
|  | |
|  | */s/ R. David Ware* |
|  | */s/ Phillip E. Friduss* |
|  | R. DAVID WARE |
|  | Georgia Bar No. 737756 |
| 191 Peachtree Street. N.E. | PHILLIP E. FRIDUSS |
| Suite 2900 | Georgia Bar No. 277220 |
| Atlanta, Georgia 30303 | NICHOLAS A. KINSLEY |
| Tel:   (404) 954-5000 | Georgia Bar No. 273862 |
| Fax:   (404) 954-5020 |  |
| Email: dware@hallboothsmith.com | *Counsel for Defendants Keisha Lance* |
|            pfriduss@hallboothsmith.com | *Bottoms and Erika Shields* |
|            nkinsley@hallsmith.com |  |

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| MARK GARDNER, LONNIE HOOD, and IVORY STREETER,<br><br>    Plaintiffs,<br><br>v.<br><br>KEISHA LANCE BOTTOMS, in her Individual Capacity, PAUL HOWARD, in his Individual Capacity, and ERIKA SHIELDS, in her Individual Capacity,<br><br>    Defendants. | CIVIL ACTION FILE<br>NO. 1:21-cv-02798-JPB |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the foregoing **DEFENDANTS KEISHA LANCE BOTTOMS AND ERIKA SHIELDS' RENEWED MOTION TO TAKE JUDICIAL NOTICE** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants. Counsel of Record is:

Lance J. LoRusso
LoRusso Law Firm, P.C.
1827 Powers Ferry Road, S.E.
Atlanta, Georgia 30339
lance@lorussolawfirm.com
*Attorney for Plaintiffs*

This 17th day of August, 2022.

**HALL BOOTH SMITH, P.C.**

/s/ R. David Ware
/s/ Phillip E. Friduss
R. DAVID WARE
Georgia Bar No. 737756
PHILLIP E. FRIDUSS
Georgia Bar No. 277220
NICHOLAS A. KINSLEY
Georgia Bar No. 273862

191 Peachtree Street. N.E.
Suite 2900
Atlanta, Georgia 30303
Tel:   (404) 954-5000
Fax:   (404) 954-5020
Email: dware@hallboothsmith.com
       pfriduss@hallboothsmith.com
       nkinsley@hallsmith.com

*Counsel for Defendants Keisha Lance Bottoms and Erika Shields*