## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| MARK GARDNER, LONNIE HOOD, and IVORY STREETER, | § § § | |
| *Plaintiffs*, | § § | CIVIL ACTION NO. |
| v. | § § | 1:21-cv-02798-TCB |
| PAUL HOWARD et al., | § § | |
| *Defendants*. | § § § § | |

## DEFENDANT HOWARD'S REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO THE MOTION TO DISMISS

COME NOW, Defendant Paul Howard with his Reply to Plaintiffs' Response in Opposition to the Motion to Dismiss Plaintiffs' Second Amended Complaint.[1]

Plaintiffs rely on conclusory allegations and labels, circular logic, and factual leaps, but make no legal argument that would overcome the basis for dismissal explained in the Motion to Dismiss. Plaintiffs often rely on colorful language to attack the grounds for dismissal offered in the Motion to Dismiss but never back the language up with citations or well-plead non-conclusory allegations. Plaintiffs' Response and the arguments in it can be quickly disposed of. Each of the claims against Howard lacks a legal basis, factual basis, or both, and each should be dismissed.

---

[1] The Second Amended Complaint will be referred to as the "Complaint."

1

In regards to Eleventh Amendment immunity and the Georgia Tort Claims Act (GTCA), Plaintiffs only defense is to argue that a district attorney is a county official when supervising some personnel since some employees are paid by the county. This argument has been thoroughly rejected by the Eleventh Circuit and opposes the Georgia constitution, state statute, and relevant case law. Since Plaintiffs only defense to Eleventh Amendment sovereign immunity and the GTCA has been found to be meritless, all claims should be dismissed.

## I.   HOWARD IS ENTITLED TO PROSECUTORIAL IMMUNITY.

Plaintiffs argue that merely labeling a prosecutor an "investigator" or baldly asserting that Howard undertook a "first-instance investigation," defeats prosecutorial immunity. It does not. It is these labels and conclusory allegations that *Iqbal* and *Twombly* held are not entitled to the presumption of truth at the Motion-to-dismiss stage.

The statements are conclusory on their face, devoid of any other facts that would move the needle and show that Howard undertook any investigation or was outside the prosecutorial function when he initiated the prosecution. As explained in the Motion to Dismiss, Plaintiffs do not allege how Howard was supposedly an "investigator" or how he "investigated." Perhaps Plaintiffs are referring to Howard reviewing the police bodycam video of the incident. Reviewing evidence, however, is far from a "first-instance investigation." It cannot reasonably be disputed that a prosecutor merely reviewing readily

available evidence falls within the prosecutorial function. But this is what Plaintiffs propose. That reviewing evidence transforms a prosecutor into an investigator.

Plaintiffs add nothing beyond labels and the conclusory statements that Howard was an "investigator" and took on a "pre-probable cause investigation." (Doc. 141 ¶¶ 77-79, 88-89, 99-100, 154-155). The reason that Plaintiffs can add nothing beyond labels is simple: Howard only reviewed video footage that was readily accessible. As pointed out in the Motion to Dismiss, courts have held that reviewing evidence that is readily accessible is part of the "factual investigation needed to prepare a case" and entirely within the prosecutorial function. (See Doc. 125 at 11, citing *Rojas-Guevara v. Dunn*, Civil Action No. 2:17-CV- 255-RWS, 2019 U.S. Dist. LEXIS 233529, at *8 (N.D. Ga. Jan. 28, 2019)).

The *Dunn* court also held that prosecutorial immunity barred § 1983 claims arising out of a prosecutor's alleged signing of an arrest warrant without probable cause, withholding material evidence, and participating in a conspiracy to proffer perjured testimony.  *Id.* at *7. Thus, even accepting the labels and conclusory allegations as true— which the Court should not— the claims still fail.

And as detailed in the Motion to Dismiss, *Capt. Jack's Crab Shack, Inc. v. Cooke*, is on all fours with the facts alleged in this Complaint. 2022 U.S. App. LEXIS 26523, at *21 (11th Cir. 2022). The Eleventh Circuit recognized that a

3

plaintiff's attempt to defeat prosecutorial immunity through the naked allegation that a prosecutor was an "investigator" or that he performed an "investigation" is not effective or entitled to the presumption of truth. The plaintiffs in *Capt. Jack's* made— and the Eleventh Circuit rejected— allegations that were precisely the same labels, unsupported conclusory allegations, and naked recitation of the elements to those in Plaintiff's Complaint.

Plaintiffs also appear to conflate their own allegations in the response. The Complaint concedes that Howard did not draft the affidavit for an arrest warrant, personally swear to any allegations in the affidavit, or present the affidavit to the Court himself. Yet Plaintiffs repeatedly refer to Howard making false statements in the affidavit. As alleged in the Complaint, however, there is no dispute that Howard did not draft the affidavit or personally swear to anything within the affidavit. This argument does not follow the Complaint, common sense, or the facts, and should be rejected.

Because Howard is entitled to prosecutorial immunity for his office seeking an arrest warrant, Plaintiffs' claims for Counts Three (false arrest under state law), Four (unreasonable seizure based on the arrests), Five (reputational liberty related to the arrest), Six (negligent training under § 1983), Eleven

(civil conspiracy under Georgia law), Twelve (conspiracy under 42 U.S.C. § 1983)[2], and Thirteen (ratification).

## II. ELEVENTH AMENDMENT IMMUNITY AND THE GEORGIA TORT CLAIMS ACT BAR PLAINTIFFS' CLAIMS SINCE THE DISTRICT ATTORNEY IS A CONSTITUTIONAL STATE OFFICER AND THE DISTRICT ATTORNEY'S OFFICE IS LEGALLY DISTINCT FROM THE COUNTIES WITHIN ITS JUDICIAL CIRCUIT.

Plaintiffs attempt to defeat Eleventh Amendment immunity and Georgia Tort Claims Act immunity by claiming that Howard is a county official or employee. Plaintiff cites nothing for this thoroughly debunked proposition. For over thirty years the Eleventh Circuit has recognized that district attorneys in Georgia are independent constitutional officers of the State, despite some funding coming from the counties within each judicial district. *Owens v. Fulton Cnty.*, 877 F.2d 947, 951 (11th Cir. 1989).

This well-settled principle was again reiterated in *Peppers v. Cobb Cnty.*, 835 F.3d 1289, 1297 (11th Cir. 2016). In *Peppers*, the Eleventh Circuit explained that district attorney's offices and the counties covered by their judicial circuits "are distinct governmental entities." *Id. Peppers* also analyzed

---

[2] Conspiracy claims may be barred by prosecutorial immunity. *Rowe v. Ft. Lauderdale*, 279 F.3d 1271, 1282 (11th Cir. 2002) (In holding that conspiracy claims may be barred by prosecutorial immunity, the court wrote, "[i]t would be cold comfort for a prosecutor to know that he is absolutely immune from direct liability for actions taken as prosecutor, if those same actions could be used to prove him liable on a conspiracy theory involving conduct for which he was not immune.")

whether employees of the district attorney's office who are funded by the county are county employees. They are not. Employees who work for a district attorney's office are employees of the district attorney, since only the district attorney can "supervise, hire, or fire employees of the district attorney," and "the County only possessed the power to approve the 'manner and amount of compensation' for employees that was set by the District Attorney." *Id.* (citing GA Const., Art. IX, § 2, ¶ I(c) and O.C.G.A. § 15- 18-20(b)). Plaintiffs argue that the fact that, because the county pays for a position within the district attorney's office, then Howard cannot be a state actor when supervising those positions, or, since the county funds the position, they have delegated authority to Howard over county policy. The supervisory argument is the same one used in *Peppers* that was rejected by the Eleventh Circuit.  And the delegation argument skates over the state constitution, state statutes, and case law.

In *Peppers*, the employee was an investigator for the district attorney's office. The county paid the investigator out of general funds, issued his paycheck, provided benefits, a retirement plan, and approved pay raises that the district attorney requested. *Peppers* at 1294. It is this same relationship between the county and the district attorney's office that Plaintiffs argue

makes the district attorney a county officer. The Eleventh Circuit rejects Plaintiffs' position.[3]

The *Peppers* court found that it was beyond dispute that the county and district attorney's office were "distinct legal entities." *Id.* at 1297. The county does not "delegate authority" to a district attorney's office. They merely provide funding and act as the "paymaster" for some employees of the district attorney's office. *Id.* And as *Peppers* points out, both the district attorney's office and the county are created by the Georgia constitution to be legally distinct. *Id.* And the state constitution and state statutory law spells out the relationship between a district attorney and those employed by his office: the DA has plenary authority over those employees, and they serve only at his pleasure, not the counties. GA Const., Art. IX, § 2, ¶ I(c); O.C.G.A. § 15- 18-20(b). Plaintiffs' argument that funding employees of the district attorney's office amounts to a delegation of authority lacks merit and has no support in the law.

Plaintiffs' attempt to circumvent and contradict the Georgia Constitution and the separation of counties and district attorney's offices is misplaced. This precise argument has been made and rejected by the Eleventh Circuit and

---

[3] To the extent it is relevant, the *Peppers* court also rejected the argument that the county and district attorney's office were "joint employers."

consistently applied by several district courts.[4] Plaintiffs have failed to overcome the proposition that *Peppers* stands for.

Plaintiffs' attempts to label the district attorney as a county officer have consistently been rejected by the Eleventh Circuit. This is Plaintiffs' only argument on why the Eleventh Amendment and the Georgia Tort Claims Act (GTCA) do not bar their claims. In other words, Plaintiffs only challenge to the applicability of these immunities relies on a mistaken and unsupported theory. Since Plaintiffs make no other arguments on why Eleventh Amendment immunity and the GTCA do not vitiate their claims, Plaintiffs have conceded that— if Howard, as the district attorney, is a state constitutional officer— he is immune from suit.

Since Plaintiffs have waived any other challenge to the applicability of these immunities— and the argument that Howard was a county officer is untenable— all claims against Howard should be dismissed.

## III. PLAINTIFFS' FALSE ARREST CLAIM FAILS SUBSTANTIVELY.

Responding to Plaintiffs' false arrest argument is difficult since it makes little sense and appears to conflate whether Plaintiffs are bringing only a federal claim, a state claim, or both. Even if Howard were not entitled to

---

[4] See e.g., *Kicklighter v. McIntosh Cty. Bd. Comm.*, 694 Fed.Appx. 711, 713 (11th Cir. 2017); *Richardson v. Jackson*, Civil No. 1:20-CV-519-LMM-WEJ, 2021 U.S. Dist. LEXIS 262039, at *51-59 (N.D. Ga. Sept. 16, 2021); *Austin v. Glynn Cty.*, 2021 U.S. Dist. LEXIS 4053, at *5-9 (S.D. Ga. Jan. 7, 2021).

prosecutorial immunity, sovereign immunity, or qualified immunity on this claim— which he is— it still fails.

The reason that Plaintiffs' argument is so far afield from the allegations, is that their argument seems to be targeted towards a different defendant or perhaps reused from a response to another defendant's motion. Plaintiffs do not contend that Howard drafted an affidavit for an arrest warrant, that he was the affiant, or that he even applied for the warrant. (Doc. 141 ¶ 159).  Yet their entire argument in the Response relies on the assumption that it was Howard that made false statements in the affidavit. Plaintiffs attack Howard for not arguing this "false statement" theory in the Motion to Dismiss, when the Complaint is clear that Howard was not responsible for the affidavit.

Even if Howard had been responsible for the affidavit in support of the arrest warrant— which Plaintiffs concede he was not— the probable cause issue was analyzed at length in the Motion to Dismiss. (Doc. 150 at 18-20). Plaintiffs do not attempt to rebut this argument or explain how there was a lack of arguable probable cause for the arrests. "Probable cause for *any* offense alleged in the… affidavit will preclude a claim." *Madiwale v. Savaiko*, 117 F.3d 1321, 1327 (11th Cir. 1997). It strains credibility to argue that there was no arguable probable cause for Plaintiffs' arrests, where a man was shot twice in the back, from at least eighteen feet, while fleeing. Plaintiffs must ignore this issue because it defeats their false arrest claims under § 1983 and state law. It is also important to note that, as discussed in the Motion to Dismiss,

Plaintiffs have pointed to nothing "false" in the affidavits. The affidavits are vanilla and contain no extraneous detail, false statements, or hyperbole. Plaintiffs argument against Howard amounts to a disagreement over the decision to charge them with a crime. Most criminal defendants likely disagree with the charging decision but it does not create a constitutional violation, especially where there is arguable probable cause for the arrest that a judge agreed with.

In short, Plaintiffs' response attempts to rewrite the Complaint, arguing that Howard is liable for false statements in an affidavit he did not draft or swear to. This alone defeats Plaintiffs' argument. But it is the failure to respond to the probable cause argument that is most telling. The Response does not contest that it is indefensible to argue that probable cause did not arguably exist.[5] There is no reasonable argument that the district attorney's office did not have arguable probable cause for Plaintiffs' arrests.

Howard is entitled to immunity on this claim. Even if he weren't the claim still fails. The false arrest claims should be dismissed.

## IV.   THE CONSPIRACY CLAIMS FAIL SUBSTANTIVELY.

First, without an underlying violation of a constitutional right, a conspiracy claim fails. As discussed above, the argument that there was a lack of arguable probable cause is unreasonable. This defeats the conspiracy claim.

---

[5] While it is not relevant in this procedural posture, at the time that the Judge signed the warrant, bodycam videos of the incident had been widely publicized.

The conspiracy claims are similarly defeated by prosecutorial immunity, Eleventh Amendment immunity, and qualified immunity. They also fail under the intracorporate conspiracy doctrine.

Plaintiffs attempt to defeat the application of the intracorporate conspiracy doctrine using circular logic. Plaintiffs rely on a case in which school employees were covering up knowledge of physical and sexual abuse.[6] (Doc. 160 at 17). The case Plaintiffs rely on held that an exception to the doctrine applied when a party acted for their own self-interest: in that case, the officials would have lost their jobs and been criminally and civilly liable for the child abuse.

Plaintiffs unsuccessfully try to apply that same logic to Howard. The theory Plaintiffs rely on is based on Howard being an elected official. Since he is elected and had to run for office, then any prosecutorial decision he made would affect his electability. Thus, he had a self-interest. This theory precludes any elected official from ever benefitting from the intracorporate conspiracy doctrine: since an elected official will always run on his or her record and be judged by the voters for his or her official actions, then elected officials have a self-interest in every act undertaken.

There is no such bright-line rule precluding elected officials from arguing they cannot conspire within an organization. District attorneys have relied on

---

[6] *Williams v. Fulton Cnty. Sch. Dist.*, 181 F.Supp.3d 1089, 1147 (N.D.Ga. 2016).

the intracorporate conspiracy doctrine in past cases. See *Rehberg v. Paulk*, 611 F.3d 828, 855 (11th Cir. 2010).

Further, an elected official being judged on his or her official actions is nothing like the school officials in *Williams*. In *Williams*, the school officials ran the risk of losing their positions because of the subject of the alleged conspiracy: child abuse. In other words, the school officials were allegedly covering up abuse, an act that would lead directly to their termination. For Howard, there is no metric to determine what the effect of a particular prosecution has on the chances for re-election. Some constituents will naturally agree, and others disagree. But, in any case, the subject of the purported conspiracy has, at most, a remote effect on Howard's electability.

School officials are also mandatory reporters, who could suffer criminal and civil liability for failing to report abuse. The school official's covering up abuse could impact the official's freedom. Howard's decision to prosecute does not run the risk of these outcomes since a prosecutor has immunity for a decision to prosecute and he cannot be criminally liable for that decision.

Plaintiffs attempt to use an exception to the doctrine by relying on an oversimplification of the case law. The times when courts apply the exception are distinguishable. There must be a direct and definite self-interest in the subject of the conspiracy, not a remote possibility or a tertiary, unmeasurable benefit. Here, it could just as easily be argued that it was in Howard's self-

interest <u>not</u> to prosecute Plaintiffs. This is not the kind of self-interest courts have relied on when applying the exception.

Plaintiffs' conspiracy claims fail since there is no underlying violation. Even if there were, Howard is entitled to prosecutorial immunity, sovereign immunity, and qualified immunity. And even if those do not apply, Plaintiffs cannot overcome the intracorporate conspiracy doctrine that bars their claims.

## V.   PLAINTIFF'S   REPUTATIONAL   LIBERTY   CLAIM   IS BASELESS.

At first, it must be recognized that Plaintiffs only argument about why their claims should not be barred by qualified immunity is that Howard is a county official. As discussed above, this is plainly false. Even under Plaintiffs' argument, this ends the inquiry.

Plaintiffs' Response also makes clear that they are claiming the "plus" factor is "swearing to false facts or omitting material facts to secure an arrest without probable cause…" (Doc. 160 at 19). This argument is untenable. First, the Complaint does not allege that Howard swore to any facts in an affidavit. The affidavits are themselves attached to the Complaint and show that Howard did not draft or swear to any statements. And, as discussed above, there is no reasonable argument that there was no arguable probable cause. The investigator that drafted the affidavits, was careful to include only relevant facts about the incident. So while Howard was not involved in drafting the affidavit in support of the arrest warrant, there were no false

statements included and the Complaint points to no false statements. Instead, the Complaint merely takes issue with the decision to initiate a prosecution and Judge Edwards's finding that the affidavit showed arguable probable cause. Without an underlying violation, there is no "plus" factor on which to base this claim. And without a "plus" factor, it is a garden variety state defamation claim for which Howard has immunity under the GTCA.

Plaintiffs rely on *Marrero v. Hialeah*, 625 F.2d 499 (5th Cir. 1980) for the proposition that an illegal seizure can serve as the "plus" factor. This case is an outlier, and its reasoning has not been adopted by the Eleventh Circuit (the Eleventh Circuit has never cited *Marrero* in any of its reputational liberty cases). This is largely because the facts of *Marrero* are anomalous and turn on a law particular to Florida. *Marrero* concerned a property interest in a business's reputation created by Florida law and the interests at stake in Marrero included tangible property rather than solely a business's reputation.

Plaintiffs cannot maintain this claim since Howard enjoys prosecutorial immunity for the so-called "plus" factor. Moreover, since Plaintiffs singular argument against sovereign immunity and the GTCA is baseless, turning on Howard being a county official, then Howard also enjoys these immunities. Nor has Plaintiff stated any reason why qualified immunity would not preclude a claim where a defendant was not responsible for the purportedly offending affidavit. And since the "plus" factor itself is substantively without merit— Howard made no sworn or false statements in application for an

arrest warrant— the claim fails as well. Finally, even if the above were not true, the Eleventh Circuit has not adopted the reasoning from *Marrero* or held that the "plus" factor can include an arrest when the defendant did not draft the affidavit or swear to anything within the affidavit. Under any rubric, the claim for reputational liberty against Howard fails and should be dismissed.

## VI.   Plaintiffs' Claim for Defamation is Barred.

Plaintiffs have failed to rebut the argument that the defamation claim against Howard is barred under the GTCA. As outlined above, Plaintiffs only argument is that Howard is a county officer when supervising employees whose positions are funded by the county. This position has been rejected repeatedly by the Eleventh Circuit and district courts. It lacks merit. There is no question that the defamation claim against Howard is barred by the GTCA and may not be brought against him.

Lastly, Howard argued that the defamation claim was barred by Georgia's one-year statute of limitations for reputational injury. Plaintiffs did not respond. Based on the dates alleged in the Complaint, the claim was brought more than one year after the alleged offending statements. Thus, for this reason as well, the defamation claim should be dismissed.

## VII. PLAINTIFFS HAVE WAIVED THEIR NEGLIGENT TRAINING CLAIM

Plaintiffs did not respond to Howard's argument on their 42 U.S.C. § 1983 negligent training claim and have therefore waived this claim. It should be dismissed.

## VIII. RATIFICATION

Plaintiffs have not argued why the ratification claim should survive despite there being no underlying liability. Thus, this claim should also be dismissed.

## CONCLUSION

Plaintiffs have failed to rebut the reasons for dismissal. Instead, Plaintiffs have relied on labels and conclusory allegations to defeat prosecutorial immunity.   This is insufficient. Moreover, Plaintiffs only argument about why Eleventh Amendment immunity or the Georgia Tort Claims Act does not apply is based on the misguided and rejected argument that a district attorney is a county official. Plaintiffs do not address, save for a cursory mention in the false arrest section, why Howard is not also entitled to qualified immunity on Plaintiffs' claims. Finally, even if Howard were not entitled to these immunities— which he is— Plaintiffs' claims each fail substantively based on the allegations.

For these reasons, the claims against Howard should be dismissed.

Respectfully submitted this 18th day of May, 2023.


HENEFELD & GREEN, P.C.

/s/ Noah Green
Noah Green
Georgia Bar No. 468138
*Attorney for Defendant Howard*

## **CERTIFICATE OF COMPLIANCE**

Under Local Rule 7.1(D), this is to certify that the foregoing has been prepared using Century Schoolbook 13-point font in compliance with Local Rule 5.1.

/s/ Noah Green
Noah Green
Georgia Bar No. 468138

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| MARK GARDNER, LONNIE HOOD, and IVORY STREETER, | § § § | |
| *Plaintiffs*, | § § | CIVIL ACTION NO. |
| v. | § | 1:21-cv-02798-TCB |
| PAUL HOWARD et al., | § § | |
| *Defendants*. | § § § § | |

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed **Defendant Howard's Reply to Plaintiffs' Response in Opposition to the Motion to Dismiss Plaintiffs' Amended Complaint** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all counsel of record.

This 18th day of May, 2023.

HENEFELD & GREEN, P.C.

/s/ Noah Green
Noah Green
Georgia Bar No. 468138
*Attorney for Defendant Howard*

3017 Bolling Way NE, Suite 129
Atlanta, Georgia 30305
(404) 841-1275
ngreen@henefeldgreen.com

18